UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, and NEW
YORK CITY DISTRICT COUNCIL
CARPENTERS,

**OPINION AND ORDER**

14-CV-2508 (ER)

                              Plaintiffs,

          – against –

INNOVATIVE FURNITURE INSTALLATIONS,
INC.,

                              Defendant.

RAMOS, D.J.:

          This case arises out of a collective bargaining agreement ("CBA") between the parties.

Trustees of the New York City District Council Of Carpenters Pension Fund, Welfare Fund,

Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund,

together with Trustees of the New York City Carpenters Relief and Charity Fund, the New York

City and Vicinity Carpenters Labor-Management Corporation, and the New York City District

Council Carpenters (collectively, "Plaintiffs") commenced this action to confirm an arbitration

award issued against Innovative Furniture Installations, Inc. ("Defendant").  The action was filed

under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29

U.S.C. § 185; and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  In addition to confirmation of the arbitration award, Plaintiffs seek attorney's fees and costs.

Plaintiffs now move for summary judgment.  To date, Defendant has not opposed the motion or otherwise appeared in this action.  For the reasons stated below, Plaintiffs' motion is GRANTED.

## I.    Background[1]

During the relevant time period, Defendant was a member of the Building Contractors Association, Inc. ("the Association").  Powers Decl., Doc. 14 at ¶ 3; *id*. at Ex. A.  Members of the Association are bound by the CBA between the Association and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.  *Id*. The CBA went into effect on July 1, 2011 and is in force until June 30, 2015.  CBA art. XX. Under the CBA, Defendant must contribute to certain fringe benefit funds for each hour of work performed by its covered employees.  Doc. 14 at ¶ 4, CBA art. XVI § 1.  In order to ensure compliance, the CBA provides that these funds have the right to audit Defendant's books and records.  *Id*. at ¶ 5; CBA art. XVI § 1.  A dispute arose when Defendant refused to permit the funds to audit its books and records for the period from September 27, 2010 to March 6, 2014. *Id*. at ¶ 7.

The CBA also includes an arbitration clause, which provides "either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder by filing a notice of

---

[1] The following facts are drawn from Plaintiffs' submissions in support of the instant motion—including the Declaration of Luke Powers ("Powers Decl.") and attached exhibits, Doc. 14; the Declaration of Michael Isaac ("Isaac Decl.") and attached exhibit, Doc. 15; and Plaintiffs' Local Rule 56.1 Statement of Material Facts, Doc. 16.

intent to arbitrate in writing with said impartial arbitrator, and serving a copy of said notice on the Association, or the Union, as the case may be." CBA art. XVI § 7. The arbitrator's award is "final and binding" and the cost of arbitration "shall be included in the award[.]" *Id*. Furthermore, the CBA requires a delinquent employer to pay, in addition to any unpaid contributions, "interest on the unpaid contributions determined at the prime rate of Citibank plus 2%," plus an "amount equal to the greater of—(a) the amount of the interest charges on the unpaid contributions as determined in above, or (b) liquidated damages of 20% of the amount of the unpaid contributions;" plus "reasonable attorney's fees and costs of the action;" and "such other legal or equitable relief as the court deems appropriate." *Id*. at § 6(a).

Plaintiffs initiated arbitration proceedings and served Defendant with a Notice of Intent to Arbitrate on December 27, 2013. Doc. 14, Ex. C. The designated arbitrator, Roger E. Maher, sent Defendant a Notice of Hearing on January 4, 2014, stating the date, time, and location of the arbitration hearing. Doc. 14 at ¶ 9, *see also id*. at Ex. E. Plaintiffs have submitted certified mail return receipts for both notices. *See id*. at Exs. D, F. On March 6, 2014, the arbitrator issued an Opinion and Default Award. *Id*. at Ex. G. Noting that Defendant had not appeared or submitted any request for an adjournment or extension of time, the arbitrator found "[u]pon the substantial and credible evidence" that Defendant was in violation of the CBA for its failure to permit the funds to examine its book and records. *Id*. at 2. He awarded Plaintiffs a sum of $1,061,016.94, consisting of: a principal amount of $820,970.22, interest thereon in the amount of $69,157.48, liquidated damages thereon in the amount of $164,194.04, assessments to the Promotional Fund totaling $4,295.20, court costs of $400.00, attorney's fees of $1,500.00, and the arbitrator's fee of $500.00, with interest to accrue at the rate of 5.25% from the date of the award. *Id*. at 3. In spite of Plaintiffs' demands, Defendant has failed to pay any portion of the award. Doc. 14 at ¶ 11.

3

On April 9, 2014, Plaintiffs filed a Complaint to confirm the arbitration award. Doc. 2. They also ask the Court to award attorney's fees and costs in the amount of $7,231.00. Pls.' Mem. L. Supp. Mot. Summ. J., Doc. 13 at 10. On August 1, 2014, Plaintiffs hand-delivered to the Court an Order to Show Cause for a default judgment. However, the Court declined to enter Plaintiffs' proposed order because "default judgments in confirmation/vacatur proceedings are generally inappropriate[.]" Order, Doc. 6 at 1 (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). The Court granted Plaintiffs leave to file a motion for summary judgment at a conference held on October 2, 2014, at which Defendant failed to appear.

## II.    Standard of Review

### A.  Federal Arbitration Act

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court is required to grant the award unless it is vacated, modified, or corrected. *Id*. (quoting 9 U.S.C. § 9). Hence, an application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Associates, L.L.C. v. Mattel, Inc*., 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation[,] "[a]rbitration awards are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp*., 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir.

1993)) (internal quotation marks omitted) (alteration in original).  It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case[.]"  *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (internal quotation marks omitted).  In short, as long as there is "a barely colorable justification for the outcome reached[,]" a court should enforce an arbitration award—even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

### B.  Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*

The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law."  *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998).  Conversely, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point

to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim."

*Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex Corp.*,

477 U.S. at 322-23).  If the moving party meets its burden, "the nonmoving party must come

forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to

avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)

(citing *Celotex Corp.*, 477 U.S. at 322-23).

       In deciding a motion for summary judgment, the Court must "construe the facts in the

light most favorable to the non-moving party and must resolve all ambiguities and draw all

reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011)

(quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)) (internal

quotation marks omitted).  However, in opposing a motion for summary judgment, the non-

moving party may not rely on unsupported assertions, conjecture or surmise.  *Goenaga v. March

of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  The non-moving party must do

more than show that there is "some metaphysical doubt as to the material facts."  *McClellan v.

Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 586 (1986)) (internal quotation mark omitted).  To defeat a motion for

summary judgment, "the non-moving party must set forth significant, probative evidence on

which a reasonable fact-finder could decide in its favor."  *Senno*, 812 F. Supp. 2d at 467-68

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

       Even if a motion for summary judgment is unopposed, courts are required to "review the

motion . . . and determine from what it has before it whether the moving party is entitled to

summary judgment as a matter of law."  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373

F.3d 241, 246 (2d Cir. 2004) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.

1993)) (internal quotation marks omitted).  "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## III.   Discussion

### A. Confirmation of the Arbitration Award

The Court has conducted a limited review of the CBA and the arbitration award.  The arbitrator was acting within the scope of his authority, as granted to him by the CBA.  *See* CBA art. XVI §§ 6-7; *see also Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund v. Paladin Const. Corp.*, No. 12 CIV. 1533 (PAE), 2013 WL 2530781, at *4 (S.D.N.Y. June 10, 2013) (confirming arbitration award against employer that failed to provide fringe benefit monies due under the CBA).  The arbitrator concluded that the "uncontroverted testimony and evidence established that the Defendant was bound to a Collective Bargaining Agreement" with Plaintiffs, and that it refused to allow the funds to inspect its books and records in violation of the CBA. Doc. 14, Ex. G at 2.  Accordingly, there is much more than a "barely colorable justification for the outcome reached."  *Landy*, 954 F.2d at 797; *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 CIV. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").  Thus, based on the

record provided, together with the appropriate narrow level of review, the Court finds that there is no disputed material issue of fact and confirms the arbitration award.

### B.  Attorney's Fees and Costs

The CBA provides that, "[i]n the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay[,]" among other things, "reasonable attorney's fees and costs of the action." CBA art. XVI § 6.

ERISA contains two provisions governing the award of attorney's fees and costs.  As to most types of actions under the applicable subchapter, the award of attorney's fees and costs is purely discretionary.  29 U.S.C. § 1132(g)(1).  However, under ERISA § 502(g)(2), the Court is *required* to award reasonable attorney's fees and costs in any successful action by a fiduciary to enforce § 1145, which governs delinquent contributions.  *See also Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004) ("[A]n enforcement action under § 1145 for unpaid contributions and accrued interest, in which the ERISA plan receives a judgment in its favor . . . renders fees and costs mandatory[.]").  Thus, in addition to the express provision of the CBA, Plaintiffs argue that the Court is also required to award attorney's fees and costs under ERISA.  Doc. 13 at 8.  Nonetheless, they bring this action under ERISA § 502(a)(3), as opposed to § 1145, which would mandate the award of attorney's fees.  Compl. at ¶ 1.  Regardless, in these types of matters, "courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."  *Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (quoting

8

*Abondolo v. H. & M. S. Meat Corp.*, No. 07 CIV. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).  Given that Defendant has not abided by the arbitration award and has failed to participate in either this action or the arbitration itself, the award of attorney's fees and costs is appropriate.

"As a general matter, the starting point in analyzing whether claimed attorneys' fees are reasonable is the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc*., No. 13 CIV. 2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (quoting *Millea v. Metro-N. R. Co*., 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted).  In order to support their request for attorney's fees, Plaintiffs must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id*. (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Plaintiffs were represented by the law firm of Virginia and Ambinder, LLP ("V&A"). They seek fees for the work of three associates who billed at a rate of $225 per hour and legal assistants' time at a rate of $100 per hour, totaling $6,763.50 for 32.6 hours of work.  Isaac Aff., Doc. 15.  Courts within this District have found fees at the same rates involving similar matters to be reasonable.  *See e.g. Trustees of the New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Anthony Rivara Contracting, LLC*, No. 14 CIV. 1794  (PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014).  The number of hours that V&A billed in connection with the instant action, although higher than the hours typically expended in comparable cases brought in this

District, is reasonable given that Plaintiffs submitted a complaint, motion for default judgment, followed by a separate motion for summary judgment.[2]

Therefore, the Court grants Plaintiffs attorney's fees in the amount of $6,763.50, along with costs and expenses in the amount of $467.50, totaling $7,231.

---

[2] In similar cases, plaintiffs either filed a petition to confirm the arbitration award or the court construed the complaint as an unopposed motion for summary judgment, therefore reducing the number of hours expended on prosecuting such actions.  *See e.g. Anthony Rivara Contracting*, 2014 WL 4369087, at *5 (granting attorney's fees for 2.3 hours billed at $225 per hour and 3.5 hours billed at $100 per hour); *Alliance Workroom Corp.*, 2013 WL 6498165, at *7 (granting attorney's fees for 4.9 hours of work completed by one associate, who was billed at $200 per hour, and two paralegals, who were billed at $90 per hour).  The Court notes the existence of other decisions awarding attorney's fees for a greater number of attorney hours than what is ordinarily billed in cases of this sort. *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Strong Partitions Inc.*, No. 13 CIV. 6648 (PKC), 2014 WL 1275696, at *4 (S.D.N.Y. Mar. 25, 2014) (awarding $4,532.50 in attorney's fees representing 25.40 hours of work performed); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund, Charity Fund v. Anthem Contracting Inc.*, No. 11 CIV. 9167 (JGK), 2013 WL 2111285, at *3 (S.D.N.Y. May 16, 2013) (awarding $3,548 in attorney's fees for 20 hours of work at rates ranging from $250 to $90 per hour).

**IV.    Conclusion**

For the reasons set forth above, Plaintiffs' motion for summary judgment is GRANTED. The arbitration award is confirmed and the Clerk of the Court is directed to enter judgment in favor of Plaintiffs in the amount of $1,061,016.94 against Defendant, pursuant to the arbitration award, with interest to accrue at the rate of 5.25% from March 6, 2014—the date of the arbitration award—through the date of judgment.  The Court also grants Plaintiffs' request for attorney's fees and costs in the amount of $7,231.

The Clerk of Court is respectfully requested to close this case.

It is SO ORDERED.

Dated:    April 9, 2015
          New York, New York

                                          Edgardo Ramos, U.S.D.J.

11